**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4329**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM RONALD HOLLAND,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-04-23)

Submitted: February 15, 2006       Decided: March 10, 2006

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lucky T. Osho, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Robert J. Gleason, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Ronald Holland appeals his eighty-seven month sentence following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2000). Holland's sole claim on appeal is that the district court erred in imposing a four-level increase to his base offense level for possession of a firearm in connection with the additional felony offense of possession of a stolen vehicle and license tags, pursuant to U. S. Sentencing Guidelines Manual § 2K2.1(b)(5). We affirm.

To give due deference to a district court's application of the sentencing guidelines, this court reviews factual determinations for clear error and legal questions de novo. United States v. Blake, 81 F.3d 498, 503 (4th Cir. 1996). The government must first prove that the defendant possessed the gun, and then prove that the gun was connected to another felony offense. United States v. Nale, 101 F.3d 1000, 1003-04 (4th Cir. 1996). To satisfy the "in connection with" requirement, the government must prove that the firearm had "some purpose or effect with respect to" the felony, and that the gun at least facilitated, or had the potential of facilitating, the offense. See United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (internal quotation marks and citations omitted). After careful review of the record, we affirm the district court's application of the enhancement. United States v. Mitchell, 104 F.3d 649, 654 (4th Cir. 1997). Accordingly, we

affirm Holland's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED